UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

WILLIAM J. BOTTESI JR.,

                  Plaintiff,                  Case No. 2:15-cv-75

v.                                        Honorable R. Allan Edgar

CITY OF KINGSFORD, et al.,

                  Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants City of Kingsford, Metras, Bolda, Gussert, and Flaminio. The Court will serve the complaint against Defendants Degroot and Rutter.

**Discussion**

I.      Factual allegations

Plaintiff William J. Bottesi Jr., a state prisoner currently confined at the Carson City Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants City of Kingsford, Public Safety Officer Shawn Degroot, Public Safety Officer Brandon Rutter, Sergeant Public Safety Officer Brian Metras, Sergeant Public Safety Officer Thomas Bolda, Public Safety Officer Timothy Gussert, and Mayor Michael Flaminio.

In his complaint, Plaintiff states that at 4:15 a.m. on July 21, 2012, he was in a residence on 624 Roycroft St., Kingsford, Michigan.  Plaintiff asserts that he had a legal right to be in the residence.  At this point, Defendants Degroot and Rutter arrived at the residence.  Plaintiff spotted them at the end of his driveway, so he went out to his porch and yelled, "who the fuck are you and what do you want?"  Defendants Degroot and Rutter then attacked Plaintiff, restraining his arms and legs and throwing him head first to the concrete driveway four feet below.  Plaintiff was incapacitated by the impact of his head on the driveway.  Defendants placed Plaintiff in handcuffs and kneed, kicked or punched him several times in the ribs and back of the head.  Defendants Degroot and Rutter then stood Plaintiff up and photographed his face.  Defendant Rutter then asked Plaintiff to blow into a breathalizer.  Plaintiff complied because he was afraid of a further assault.  Plaintiff's blood alcohol content was recorded as 0.155.

Defendants Degroot and Rutter began to question Plaintiff without first reading him his rights or informing him why he had been handcuffed.  Defendants asked Plaintiff how he had gotten to the house and he replied that he had walked.  Defendants then asked him about the truck in the driveway and he stated that either it had been there for hours or that his estranged wife had

driven it last.  Plaintiff contends that Defendants never identified themselves as police officers.  At some point, Defendants Degroot and Rutter arrested Plaintiff without a warrant.  Plaintiff was not informed of the charges against him until approximately 10 hours later, during the arraignment. Plaintiff was charged with DUI despite the fact that there were no witnesses who observed him driving while intoxicated.

Plaintiff claims that, at some point, Defendant Metras was called to the scene of the incident to observe and that he failed to protect Plaintiff from further illegal conduct by officers.  Nor did Defendant Metras investigate the assault and battery that had already been committed by Defendants Degroot and Rutter.  Plaintiff claims that Defendants failed to seek treatment for his head wound at the scene or immediately after leaving the scene, despite the fact that he was bleeding profusely and was exhibiting symptoms of a concussion.

Once Plaintiff was placed in the police car, he was driven to Plaintiff's residence at 529 Southpark Avenue, Kingsford, Michigan.  Defendant Degroot stated that if Plaintiff did not give him the house keys, he would force the door open.  Plaintiff gave him the keys because he was afraid that Defendant Degroot would damage the rental property.  While Defendant Degroot was in the residence, Defendant Rutter continued to question Plaintiff in the car.  Defendant Rutter recorded that Plaintiff was incapable of counting or reciting the alphabet.  Plaintiff states that during the search of his residence, Defendant Degroot seized unknown evidence.

Plaintiff was then taken to the Dickinson County Hospital for treatment of his injuries.  Plaintiff states that the emergency room doctor told him that because so much time had elapsed since sustaining the head wound, stitching the wound would merely increase the risk of infection.  Plaintiff was diagnosed as having a concussion.  While Plaintiff was receiving treatment,

Defendant Degroot approached Plaintiff and asked him to consent to a blood test.  Plaintiff stated that he would not physically resist, but that he was not consenting to anything.  Defendant Degroot then wrote "yes" on the consent form and had Plaintiff's blood drawn.  Plaintiff was subsequently taken to the Dickinson County Correctional Center and was booked on drunk driving, resisting and obstructing arrest, and domestic violence.

Plaintiff states that his arrest was based on a false police report by his estranged wife, which asserted that Plaintiff had broken into her residence and assaulted her.  Plaintiff was advised of his rights and was questioned by Defendant Bolda.  In his report, Defendant Bolda falsely stated that Plaintiff knew that Defendants Degroot and Rutter were police officers prior to being placed in handcuffs at the scene.  Plaintiff told Defendant Bolda that he did not recall driving the truck to the scene.  When pressed, Plaintiff said, "so your [sic] saying that I must have driven the truck?" Defendant Bolda falsely recorded that Plaintiff had admitted driving the truck.  Plaintiff did not see a magistrate until approximately ten hours after his arrest.

Plaintiff was unable to make bail and was lodged in the Dickinson County Jail. Plaintiff's court appointed counsel had a conflict of interest which was undisclosed to Plaintiff. Plaintiff suffered from symptoms of post concussive syndrome, a fractured tooth, and various contusions while in the jail.  Plaintiff states that he still suffers from headaches, post-traumatic stress disorder, and facial scarring.  Plaintiff states that the abuse he suffered at the hands of Defendants was consistent with the institutionalized practice of the Kingsford Public Safety Department, and that this practice was "ratified" by Defendants Gussert, Flaminio, and City of Kingsford.  Plaintiff believes that Defendants Gussert, Flaminio, and City of Kingsford had prior notice of the propensity

of Defendants Degroot, Rutter, Metras, and Bolda to abuse their authority, but that they failed to take any corrective action.

Plaintiff claims that Defendants' conduct violated his constitutional and state law rights.  Plaintiff seeks damages.

II.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In Plaintiff's complaint, he asserts that he was falsely arrested and imprisoned. However, according to Plaintiff's biographical information on the MDOC Offender Tracking System, Plaintiff pleaded nolo contendere to committing assault with intent to commit sexual penetration on July 21, 2012, as well as to committing third degree criminal sexual conduct by force or coercion on the same date. Plaintiff is currently serving a sentence of 18 months to 10 years on the intent to commit sexual penetration conviction, and sentence of 40 months to 15 years on the third degree CSC conviction. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdoc Number=855523.

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858

(6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's claims regarding the validity of his arrest, the search of his

residence, and his interrogation clearly call into question the validity of his conviction. Therefore, Plaintiff's claims regarding these actions are barred under *Heck* until his criminal conviction has been invalidated.

Plaintiff contends that Defendants Gussert, Flaminio, and City of Kingsford failed to properly train and supervise their subordinates and that this constituted an institutionalized practice of the Kingsford Public Safety Department. The court notes that a municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles County v. Humphries*, 562 U.S. 29, 38-39 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne County*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509.

Plaintiff fails to allege any specific facts showing the existence of a custom or policy which resulted in the conduct that caused Plaintiff's injuries. Plaintiff's allegations are entirely conclusory and do not show that city officials took "a course of action deliberately chosen from among various alternatives." *Doe*, 103 F.3d at 507. Morever, mere negligence in failing to take preventive measures is insufficient to show § 1983 liability. *Molton v. City of Cleveland*, 839 F.2d 240, 246 (6th Cir. 1988), *cert. denied*, 489 U.S. 1068 (1989). In other words, allegations that there were negligent acts by the policymaker for the City of Kingsford, without a showing that the acts

-8-

were the result of a policy or custom, do not support liability under § 1983.  *Molton*, 839 F.2d at 246.

Thus, Plaintiff has failed to allege that the City of Kingsford or any city officials had a policy or

custom that caused Plaintiff to be deprived of a constitutional right.

Where a plaintiff fails to allege that a policy or custom existed, dismissal of the action

for failure to state a claim is appropriate.  *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283,

at *1 (6th Cir. 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir.

1993) (affirming dismissal of § 1983 action when allegations of policy or custom were conclusory,

and plaintiff failed to allege facts tending to support the allegation).  Therefore, the court will dismiss

Plaintiff's claims against Defendants City of Kingsford, Gussert, and Flaminio.

To the extent that Plaintiff is claiming his state law rights were violated, the court will

refuse to exercise pendent jurisdiction over such claims.  Claims raising issues of state law are best

left to determination by the state courts, particularly in the area of prison administration.  *United*

*Mine Workers v. Gibbs*, 383 U.S. 715, 726-727, 86 S. Ct. 1130, 1139 (1966); *Moon v. Harrison*

*Piping Supply, et al.*, 465 F.3d 719 (6th Cir. Sep. 28, 2006); *Smith v. Freland*, 954 F.2d 343, 348

(6th Cir.), *cert. denied*, 504 U.S. 915, 112 S.Ct. 1954 (1992).

> That power need not be exercised in every case in which it is found
> to exist. It has consistently been recognized that pendent jurisdiction
> is a doctrine of discretion, not of plaintiff's right.  Its justification lies
> in considerations of judicial economy, convenience and fairness to
> litigants; if these are not present a federal court should hesitate to
> exercise jurisdiction over state claims, even though bound to apply
> state law to them, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct.
> 817, 82 L. Ed. 1188.  Needless decisions of state law should be
> avoided both as a matter of comity and to promote justice between
> the parties, by procuring for them a surer-footed reading of
> applicable law.  Certainly, if the federal claims are dismissed before
> trial, even though not insubstantial in a jurisdictional sense, the state
> claims should be dismissed as well.  Similarly, if it appears that the

state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the  comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727, 86 S. Ct. 1130, 1139 (1966).

Finally, the court concludes that Plaintiff's excessive force claims against Defendants Degroot and Rutter are not clearly frivolous and may not be dismissed on initial review.

## <u>Conclusion</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants City of Kingsford, Metras, Bolda, Gussert, and Flaminio will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Degroot and Rutter, as to Plaintiff's claim that they used excessive force during his arrest.

An Order consistent with this Opinion will be entered.

Dated: __7/17/2015_____                    _____*/s/ R. Allan Edgar*_____
                                                          R. ALLAN EDGAR
                                                          UNITED STATES DISTRICT JUDGE